## Tressler v. Priester-Hoover

C.P. of Westmoreland County, no. 8130 of 1995.

*John W. Pollins III,* for plaintiffs.
*Kenneth S. Mroz,* for defendants Priester-Hoover.
*Maria Spina Altobelli,* for defendant Morea.

LOUGHRAN, *J.,* June 4, 1996—Plaintiffs, Kenneth Tressler and Phyllis Tressler, bring this civil action

claiming property damages incident to a fire which occurred on June 18, 1995. Plaintiffs allege that a fire ignited in an adjoining premises resulted in a property damage loss for them. Plaintiffs claim a loss of income incident to the fire-damaged property (rental income and loss of use of a truck and also lost time incident to cleanup).

However, plaintiffs also claim money damages for emotional distress claimed to have resulted from the stress caused by the fire loss. It is claimed that Mr. Tressler suffered emotional distress which precipitated a heart attack. This emotional distress was ostensibly caused by the loss of property, the loss of income and the inability to purchase fire insurance. These allegations appear in paragraphs 13.3.3, 13.4, 13.4.1, 13.4.2, and 13.4.3.

Additionally, in Count III the wife-plaintiff has interposed a claim for loss of consortium incident to her husband's claimed emotional distress.

The defendants have filed preliminary objections to these paragraphs and Count III.

The defendants contend that these particular damages cannot be claimed pursuant to negligent infliction of emotional distress as plaintiffs attempt to do.

Plaintiffs are not claiming that they were personally injured by the fire. Rather, plaintiffs are contending that they sustained emotional distress as a result of the property loss they sustained in the fire. Mrs. Tressler makes no such claim for emotional distress. Her claim is merely a derivative one for loss of consortium incident to her husband's claimed emotional distress allegedly caused by the fire loss.

There are no allegations in the complaint of any intentional or outrageous behavior on the part of de-

fendants, John Dean Priester-Hoover and Betty Priester-Hoover. There are no allegations of intentional infliction of emotional distress. The only allegations of liability against these defendants are allegations of negligence, and ostensibly negligent infliction of emotional distress.

There is no cause of action in Pennsylvania for negligent infliction of emotional distress incident to loss of property. Pennsylvania does recognize a cause of action for negligent infliction of emotional distress; however, this is limited to circumstances where a plaintiff is located near the scene of an accident and experiences a direct emotional impact from the sensory and contemporary observance of an accident and an injury sustained by a victim who is closely related to the plaintiff, such as a close family member. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), citing *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968); *Neff v. Lasso,* 382 Pa. Super. 487, 555 A.2d 1304 (1989), *allocatur denied,* 523 Pa. 636, 656 A.2d 445 (1989); *Krysmalski by Krysmalski v. Tarasovich,* 424 Pa. Super. 121, 622 A.2d 298 (1993), *appeal denied,* 535 Pa. 675, 636 A.2d 634 (1993). There has been no extension of this cause of action by the courts of Pennsylvania to allow for recovery of emotional distress incident to a property loss.

The courts of Pennsylvania have been very reluctant to expand a cause of action for negligent infliction of emotional distress. Originally, it was necessary for a plaintiff to have experienced a physical impact of some sort in order to claim emotional distress. *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970).

Subsequently, the Supreme Court in *Sinn v. Burd, supra,* followed the lead of a California case, *Dillon v. Legg, supra,* and expanded the cause of action to allow for recovery of negligently inflicted emotional

distress, but only where the following three conditions were met: (1) It was necessary for the plaintiff to be located near the scene of the accident as contrasted with one who was a distance away from it; (2) The plaintiff must have received a shock resulting from a direct emotional impact upon him or her due to the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) The plaintiff must have been closely related to the victim who was involved in the accident and who was injured in the accident. *Sinn v. Burd, supra; Krysmalski v. Tarasovich, supra.*

The cause of action for negligent infliction of emotional distress is, therefore, limited to occasions when there is a personal injury to a close relative and the plaintiff claiming the emotional distress contemporaneously observed the occurrence of the accident and the injury. As the foregoing cases illustrate, this cause of action is commonly invoked when the parent or relative witnesses an accident involving a child or a loved one. The cause of action has never been expanded to permit recovery simply because a party sustains damage to personal property. This would be an unprecedented expansion of the cause of action.

To permit plaintiffs to proceed with this cause of action would allow them to proceed with a claim that is unsupported by any case law in Pennsylvania and contrary to the expressed policy of the appellate courts in treating such claims for emotional distress with caution.

Accordingly, paragraphs 13.3.3, 13.4, 13.4.1, 13.4.2, 13.4.3 and Count III of plaintiffs' complaint should be dismissed.

The defendants also contend that Betty Priester-Hoover should be dismissed as a defendant as there

is no allegation of negligence against her. A review of the complaint reveals that the plaintiffs barely assert an allegation that Betty Priester-Hoover was the owner of the motorcycle and automobile which started the fire. As all inferences must be made in favor of the non-moving party and there must be no doubt to any material fact to grant preliminary objections, defendants' objection to dismiss Betty Priester-Hoover must be denied.

## ORDER

And now, to wit, June 4, 1996, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the request in the defendants' preliminary objections to strike paragraphs 13.3.3, 13.4, 13.4.1, 13.4.2, 13.4.3 and Count III is sustained and the same are ordered stricken. However, the preliminary objection requesting to dismiss Betty Priester-Hoover as a party is denied.